UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JULIAN R. ASH**,<br><br>               Plaintiff,<br><br>       v.<br><br>**PETE BUTTIGIEG**, *Secretary of the U.S. Department of Transportation, et al.*,<br><br>               Defendants. | Case No. 1:21-cv-02468 (TNM) |

## MEMORANDUM ORDER

Proceeding *pro se*, Julian Ash sues the U.S. Secretary of Transportation, the Federal Aviation Administration (FAA), and other federal offices (collectively, the Secretary) alleging employment discrimination. *See* Compl., ECF No. 1. Ash brings his suit under several federal laws, including Title VII of the Civil Rights Act of 1964. The Secretary moves to dismiss for improper venue. *See* Mot. to Dismiss, ECF No. 13. Because Title VII contains a mandatory venue provision and venue in the District is improper under this provision, the Court will transfer the case to the U.S. District Court for the Western District of Oklahoma.

First, some background. Ash used to work for the FAA in Oklahoma City. Compl. at 3.[1] He alleges the Secretary discriminated against him by: (1) terminating him, (2) failing to promote him, (3) failing to accommodate his disability, (4) providing him unequal terms of employment, (5) retaliating against him, and (6) bullying, harassing, intimidating, and humiliating him. *Id.* at 4. To verify these claims, Ash attaches a Department of Transportation

---

[1] All page numbers refer to the pagination generated by the Court's CM/ECF electronic filing system.

(DOT) Final Agency Decision from an Equal Employment Opportunity (EEO) complaint. The EEO complaint details nine instances of alleged discrimination and harassment. *Id.* at 7–8.

DOT "procedurally dismissed" Ash's EEO complaint because he "presented no viable incidents occurring within 45 days of his EEO Counselor contact." Compl. at 13. Ash then filed this lawsuit. He brings his claims under Title VII, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act of 1990, the Federal Employees' Compensation Act, the No Fear Act of 2002, 42 U.S.C. § 1985, the Veterans Employment Opportunities Act, conspiracy under 18 U.S.C. § 371, and the Racketeer Influenced and Corrupt Organizations Act. *See* Compl. at 3.

\* \* \*

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). "The court need not, however, accept the plaintiff's legal conclusions as true and may consider material outside of the pleadings." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011) (cleaned up).

Ash proceeds without counsel. This triggers special solicitude for him. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). More, courts assess a *pro se* complaint "in light of all filings, including filings responsive to a motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015). But the Court does not accept as true legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." *Yellen v. U.S. Bank, Nat'l Ass'n*, 301 F. Supp. 3d 43, 47 (D.D.C. 2018) (cleaned up).

"The burden [is] on the plaintiff to prove that venue is proper when an objection is raised, since it is the plaintiff's obligation to institute the action in a permissible forum." *Aguilar v. Michael & Son Servs., Inc.*, 292 F. Supp. 3d 5, 9 (D.D.C. 2017) (cleaned up).  When a plaintiff files a case in the wrong judicial district, the district court in which the action is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Title VII contains a mandatory venue provision.  A plaintiff alleging claims arising under Title VII may file his suit:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, [3] or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  *See also Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 249 (D.D.C. 2007) (explaining that Title VII claims are "covered by Title VII's restrictive venue provision").

\* \* \*

Venue is not proper in the District under § 2000e-5(f)(3)'s first prong because the allegedly unlawful employment practice occurred in Oklahoma City.  *See* Compl. at 3 (listing an FAA office in Oklahoma City as the location of Ash's prior employment).  Venue is not proper here under the second prong because Ash does not allege his employment records are maintained

3

here.  Nor is venue proper under the third prong because Ash does not claim he would have worked in the District but for the allegedly unlawful employment practices.[2]

That leaves only the fourth prong.  Under this prong, venue in the District is proper if the Secretary cannot be found in any district covered by one or more of the first three prongs.  *See* § 2000e-5(f)(3).  But the Secretary can be found in Oklahoma City because that is the location of the FAA office where Ash worked.  *See* Compl. at 3.  Oklahoma City falls within the Western District of Oklahoma.  *See* U.S. Dist. Court for the Western Dist. of Okla., http://www.okwd.uscourts.gov (last visited Apr. 14, 2022) (listing Oklahoma City in the Western District of Oklahoma).   Thus, venue is proper in the Western District of Oklahoma for Ash's Title VII claims and, by the same token, it is not proper here.

In opposition, Ash argues that venue is proper in the District because "the main witnesses reside in the District of Columbia," "the act of retaliation is ongoing from multiple districts," and "Plaintiff seeks witnesses from the District of Columbia, not Oklahoma, because the evidence on record can't be disputed or justified."  *See* Pls.' Response for Mot. to Dismiss at 15, ECF No. 17.  None of these reasons engage with § 2000e-5(f)(3).

Nor do the non-Title VII claims make venue proper here.  "[A] plaintiff cannot make an end-run around the Title VII venue statute by piling additional causes of action on top of his Title VII claims."  *Braun v. U.S. Dep't of the Interior*, 288 F. Supp. 3d 293, 301 (D.D.C. 2018), *aff'd sub nom. In re Braun*, No. 18-5120, 2018 WL 11300459 (D.C. Cir. Dec. 28, 2018).  This is especially true here, where courts must "examine challenges to . . . venue carefully to

---

[2] Ash claims that after he left the FAA, he sought employment with the YMCA.  *See* Compl. at 10.  He believes the FAA gave him poor references.  Even if a poor reference qualifies as an unlawful employment practice, Ash does not provide the locations to which he applied.  Because Ash bears the burden of establishing proper venue, *see Aguilar*, 292 F. Supp. 3d at 9, the Court declines to find venue on Ash's behalf by assuming he applied to a YMCA in the District.

4

guard against the danger that a plaintiff might manufacture venue in the District of Columbia. By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Ash's invocation of Secretary Buttigieg and reference to unnamed D.C.-based witnesses runs afoul of *Cameron*'s warning.

The Secretary asks the Court to dismiss Ash's Complaint for improper venue. *See* Mot. to Dismiss at 12. But "the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal." *Ellis–Smith v. Sec'y of the Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)). Section 1406(a) permits the Court to transfer a case for which venue is improper to any district where plaintiff could have brought his claim.

As discussed, Ash could have brought his Title VII claims in the Western District of Oklahoma. He could have brought his other claims there, too, because they all stem from the FAA's allegedly discriminatory employment decisions. *See* Compl. at 3–4; *see also Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 330 (D.D.C. 2020) ("In an action brought against an officer or employee of the United States or any of its agencies, venue is proper in any district where . . . a substantial part of the events or omissions giving rise to the claim occurred[.]") (cleaned up).

Courts transferring Title VII claims under § 2000e-5(f)(3) regularly transfer the entire case rather than breaking it up. *See Johnson v. Deloitte Servs., LLP*, 939 F. Supp. 2d 1, 6 (D.D.C. 2013) ("[E]ven when only some of the claims in the complaint arise under Title VII, courts regularly transfer the entire case if they find venue for the Title VII claims to be improper."); *Braun*, 288 F. Supp. 3d at 301 (transferring entire case); *Gardner v. Mabus*, 49 F.

Supp. 3d 44, 47–48 (D.D.C. 2014) (same).  In the interests of justice and judicial efficiency, the Court will therefore transfer the entire case to the Western District of Oklahoma.  The Court also declines to consider the Secretary's remaining arguments for dismissal.  They may be raised in the Western District as appropriate.

The Court will grant the Secretary's request to extend time to answer the Complaint once it is docketed in the Western District of Oklahoma.  The Secretary represents that, upon transfer, a different Assistant United States Attorney will handle the case.  It is appropriate to give the attorney assigned to the case the customary time to prepare a response.  *See* Fed. R. Civ. P. 12(a)(1)(A).

For all these reasons it is hereby

**ORDERED** that the Secretary's [13] Motion to Dismiss is GRANTED IN PART insofar as it seeks to transfer the case to the United States District Court for the Western District of Oklahoma; and it is further

**ORDERED** that the Clerk of the Court shall transfer this matter to the United States District Court for the Western District of Oklahoma; and it is further

**ORDERED** that the Secretary's time to respond to the Complaint is extended through, and including, 21 days after this action is docketed in the Western District of Oklahoma.

**SO ORDERED**.

This is a final, appealable Order.  The Clerk of the Court is requested to close this case.

Dated: April 15, 2022                                      TREVOR N. McFADDEN, U.S.D.J.